**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 16 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JOHN B. BOWRING,

　　　　Petitioner - Appellant,

v.

ARISTEDES W. ZAVARAS and
ATTORNEY GENERAL OF THE
STATE OF COLORADO,

　　　　Respondents - Appellees.

No. 98-1357
(D.C. No. 98-D-868)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **BRORBY**, **EBEL** and **LUCERO**, Circuit Judges.

　　John B. Bowring, a Colorado state convict currently serving time at the

Arkansas Valley Correctional Facility in Crowley, Colorado, appeals the district

court's dismissal of his petition for writ of habeas corpus. The district court

denied Bowring a certificate of appealability ("COA"). Bowring's arguments on

---

[*]After examining the briefs and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the
determination of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R.
34.1(G). The case is therefore ordered submitted without oral argument. This
Order and Judgment is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be
cited under the terms and conditions of 10th Cir. R. 36.3.

appeal were or could have been raised in an earlier petition for writ of habeas corpus that he filed in the United States District Court in Texas, which dismissed the charges on the merits. The Fifth Circuit Court of Appeals denied a COA and affirmed. Accordingly, we find that all of the issues Bowring raises in this appeal either have no merit and/or are barred by the doctrines of collateral estoppel and res judicata. See Allen v. McCurry, 449 U.S. 90, 94 (1980) ("Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action. Under collateral estoppel, once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case." (citations omitted)). Bowring has not made a substantial showing of the denial of a constitutional right; his request for a COA is therefore DENIED. See 28 U.S.C. § 2253(c)(2). For the same reasons, we also DENY Bowring's motion for leave to proceed in forma pauperis.

The mandate shall issue forthwith.

ENTERED FOR THE COURT

David M. Ebel
Circuit Judge

- 2 -